UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-10222-RGS

JAMES MICHAEL FERGUSON

v.

LORETTA E. LYNCH, et al.

ORDER ON PLAINTIFF'S MOTION TO WITHDRAW

April 12, 2016

For the foregoing reasons, plaintiff's motion to withdraw will be treated as a notice of voluntary dismissal and the earlier assessment of the filing fee will be revoked.

BACKGROUND

On February 8, 2016, James Michael Ferguson, while confined to the Wyatt Detention Facility in Rhode Island, filed his self-prepared complaint accompanied by a motion to proceed *in forma pauperis*. *See* Docket. By Order dated February 19, 2016, the motion was granted and summons issued for service of the defendants. *See* Docket No. 5. A notice for prisoner filing fee payment was mailed to the Wyatt Detention Facility. *See* Docket No. 6.

The order and summons were returned to the court as undeliverable. *See* Docket No. 8. One week before plaintiff filed a notice of change of

address, the clerk remailed the order and summons to plaintiff at FCI Jesup.[1] *See* Docket Nos. 9, 10.

Now before the Court is plaintiff's Motion to Withdraw Complaint Without Prejudice. *See* Docket No. 13. Plaintiff states, among other things, that he "feels his rights would be better served by Withdrawing (sic) the instant complaint Without Prejudice (sic) until the defendants have clearly showed deliberate indifference toward the plaintiff and his needs under all of the plaintiff's current circumstances." *Id.*

## DISCUSSION

The Court construes plaintiff' motion to withdraw, Docket No. 13, as a notice of voluntary dismissal. A motion for voluntary dismissal in the federal system is controlled by Federal Rule of Civil Procedure 41(a). *See* Fed. R. Civ. P. 41(a)(1)-(2). Under Rule 41(a)(1), a plaintiff can voluntarily dismiss an action without order of the court by filing either (i) a notice of dismissal before the defendant files an answer or motion for summary judgment, or (ii) a stipulation of dismissal signed by all parties who have appeared in the action. *See* Fed. R. Civ. P. 41(a)(1).

---

[1] Because the court remailed the order and summons to the incorrect address at FCI Jesup, it was returned as undeliverable and then remailed to the correct address. *See* Docket Nos. 11-12.

Because plaintiff is incarcerated, he is subject to the fee-paying provisions of the Prison Litigation Reform Act. *See* 28 U.S.C. §§ 1915(b)(1), 1915(e)(2). At least one court has recognized that once prisoners are allowed "to proceed in forma pauperis, they owe the United States of America the full filing fee, and this is true even if they voluntarily dismiss their cases." *See Copley v. Henderson*, 980 F. Supp. 322, 323 (D. Neb. 1997); *Cf. Sumner v. Tucker*, 9 F. Supp. 2d 641, 643 (E.D. Va. 1998) (dismissing without prejudice a prisoner's Section 1983 action upon plaintiff's motion for voluntary dismissal, while at the same time disposing of the action as frivolous under 28 U.S.C. § 1915(g) when the Court had expended significant time and resources reviewing plaintiff's claims).

Although the Court has ruled on plaintiff's motion to proceed *in forma pauperis,* the court has not expended significant time and resources reviewing the merits of the complaint. Because plaintiff is seeking to withdraw this action at such an early stage, this action may be dismissed by plaintiff and the court will revoke the assessment of the filing fee that had been assessed pursuant to 28 U.S.C. § 1915(b)(2), of the filing fee is revoke

### ORDER

For the foregoing reasons, plaintiff's *pro se* motion is treated as a notice of voluntary dismissal and this action is dismissed without prejudice.

3

The earlier assessment, pursuant to 28 U.S.C. § 1915(b)(2), of the filing fee is revoked.

                        SO ORDERED.

                        /s/   Richard G. Stearns
                        UNITED STATES DISTRICT JUDGE